

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| A.T. MASSEY COAL COMPANY, INC., ) <br> MASSEY ENERGY CORPORATION, ) <br> MARFORK COAL COMPANY, INC., ) <br> and MICHAEL BAYS, ) <br>   ) <br> Appellants/Cross-Appellees, ) <br>   ) <br> v. ) <br>   ) <br> LOUIS D. JENKINS d/b/a, ) <br> VIRGINIA SUPPLY COMPANY, ) <br>   ) <br> Appellee/Cross-Appellant. ) | Civil Action No. 7:08CV00563 <br> Civil Action No. 7:09CV00003 <br> <br> **MEMORANDUM OPINION** <br> <br> By: Hon. Glen E. Conrad <br> United States District Judge |

Louis D. Jenkins, the appellee/cross-appellant in these related bankruptcy appeals, has moved to dismiss the appeals as moot. For the following reasons, the court will grant Jenkins' motion.

### Factual and Procedural Background

Louis D. Jenkins ("Jenkins") is a resident of Tazewell County, Virginia. On April 23, 2002, Jenkins and his wife filed a joint Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia.

Prior to the bankruptcy filing, Jenkins operated Virginia Supply Company, through which he engaged in a business relationship with A.T. Massey Coal Company, Inc., Massey Energy Corporation, Marfork Coal Company, Inc., and Michael Bays (collectively referred to as "the defendants"). The record indicates that Jenkins would purchase used conveyor belts from the defendants and refurbish the conveyor belts for resale.

On November 6, 2001, West Virginia law enforcement authorities were contacted and advised that Jenkins had removed more conveyor belts from Marfork's property than the amount for which he had paid. Jenkins was subsequently interviewed by the West Virginia State Police.

Jenkins and his wife filed for bankruptcy on April 23, 2002. On May 13, 2002, three weeks after Jenkins and his wife filed for bankruptcy, Jenkins was indicted by a grand jury in Raleigh County, West Virginia in connection with the alleged theft of conveyor belts. Jenkins' bankruptcy case was closed on July 30, 2002, and on December 11, 2002, the indictment and all related criminal charges against Jenkins were dismissed. On September 29, 2003, in the Circuit Court of McDowell County, West Virginia and thereafter, on December 17, 2003, in the Circuit Court of Boone County, West Virginia, Jenkins filed a civil action against the defendants for malicious prosecution, abuse of process, the tort of outrage, tortious interference, defamation, and negligent investigation and misrepresentation.

Jenkins did not list any of the tort claims against the defendants as assets in his Chapter 7 bankruptcy schedule or notify the defendants of the bankruptcy filing. The defendants first learned of the bankruptcy filing in October of 2006, while undertaking discovery in the West Virginia civil action. By letter dated December 14, 2006, counsel for the defendants requested that the trustee of the bankruptcy case determine whether the tort claims should have been listed as part of the bankruptcy estate.

Jenkins' bankruptcy case was reopened on May 4, 2007, and on May 31, 2007, the defendants removed the West Virginia civil action to the United States Bankruptcy Court for the Southern District of West Virginia, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452(a), where it was docketed as an adversary proceeding. On

2

November 6, 2007, the adversary proceeding was transferred to the United States Bankruptcy Court for the Western District of Virginia.

In July of 2008, Jenkins and the defendants filed a joint motion to determine whether Jenkins' state tort claims are property of the bankruptcy estate. On September 2, 2008, the bankruptcy court entered an opinion and order, in which the court held that Jenkins' claims for malicious prosecution and abuse of process are not property of the bankruptcy estate, but that the claims for the tort of outrage, tortious interference, defamation, and negligent investigation and misrepresentation are property of the bankruptcy estate. Both the defendants and Jenkins appealed the bankruptcy court's decision. The appeal was docketed here as Civil Action No. 7:08CV00563 (the "property appeal").

On September 17, 2008, Jenkins renewed an earlier motion for abstention and/or remand in the adversary proceeding. The bankruptcy court heard argument on the motion on October 14, 2008, and by order entered November 4, 2008, the bankruptcy court held that it should abstain from hearing the state tort claims, pursuant to 28 U.S.C. § 1334(c)(1) and (2), and that it should remand the claims to state court. The defendants also appealed this decision by the bankruptcy court, arguing that none of the tort claims should be remanded to state court. The second appeal was docketed here as Civil Action No. 7:09CV0003 (the "remand appeal").

On February 4, 2009, Jenkins moved to dismiss both bankruptcy appeals as moot. To support the motion, Jenkins advised the court that a joint motion to compromise and abandon property had been filed in the bankruptcy case, in which the trustee averred that it was in the bankruptcy estate's best interest "to compromise its interest, if any, in the Causes of Action and abandon the Causes of Action, regardless of whether or not they ever were property of the estate,

3

in return for 10% of the net proceeds of the state court litigation." (Joint Mot. at para. 14). Jenkins further advised the court that the bankruptcy court had entered an order approving the abandonment and settlement on January 27, 2009.

The defendants filed a brief in opposition to Jenkins' motion. The court held a hearing on the motion on April 15, 2009. Following the hearing, the parties were given the opportunity to submit supplemental memoranda. The motion to dismiss is now ripe for review.

## Discussion

In general, a bankruptcy appeal becomes moot when events occur during the pendency of the appeal that make it impossible for a reviewing court to afford effective relief. Property Movers, L.L.C. v. Goodwin, 31 F. App'x 81, 85 (4th Cir. 2002). Applying this standard, the court concludes, for the following reasons, that both of the instant appeals are moot and, thus, that Jenkins' motion to dismiss must be granted.

Under federal bankruptcy law, the bankruptcy estate is comprised, with exceptions not applicable here, of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This definition "has been construed 'broadly to encompass all kinds of property, including intangibles.'" Logan v. JKV Real Estate Servs., 414 F.3d 507, 512 (4th Cir. 2005) (quoting Integrated Solutions, Inc. v. Service Support Specialties, Inc., 124 F.3d 487, 490 (3d Cir. 1997)). "More specifically, 'property of the estate' under § 541(a) has 'uniformly been interpreted to include causes of action.'" Id. (quoting Polis v. Getaways, Inc., 217 F.3d 899, 901 (7th Cir. 2000)); see also Richman v. Garza, 1997 U.S. App. LEXIS 16159, at *3-4 (4th Cir. Jul. 1, 1997) (noting that "[a] legal cause of action is an interest of the debtor in property within the meaning of section 541").

4

Causes of action that belong to the debtor's bankruptcy estate may only be pursued by the trustee, as representative of the bankruptcy estate. Nat'l American Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999). Consequently, upon learning of Jenkins' bankruptcy filing, the defendants removed Jenkins' state tort action to the bankruptcy court, and the parties filed a joint motion requesting the bankruptcy court to determine whether Jenkins' state tort claims are property of the bankruptcy estate. As previously stated, the bankruptcy court held that four of the six state tort claims are property of the bankruptcy estate, and the parties appealed that decision. Additionally, the defendants appealed the bankruptcy court's subsequent decision to remand all six claims to state court.

Since both appeals were filed, however, the trustee has abandoned all of the state tort claims asserted by Jenkins, pursuant to 11 U.S.C. § 554(a), regardless of whether the claims were ever property of the bankruptcy estate.[1] When a trustee abandons property under § 554, the property "ceases to be a part of the estate," and it "reverts to the debtor and stands as if no bankruptcy petition was filed." Dewsnup v. Timm, 908 F.2d 588, 590 (10th Cir. 1990), aff'd, 502 U.S. 410 (1992) (internal citations omitted); see also Terjen v. Santoro, 1994 U.S. App. LEXIS 20711, at *2-3 (4th Cir. Aug. 5, 1994) ("[T]itle to abandoned property reverts to the debtor as it was held previous to the filing of bankruptcy.") (internal citations omitted); 5 Collier on Bankruptcy P 554.02[3] (15 ed. rev. 2009) ("[A]bandonment constitutes a divestiture of all of the estate's interests in the property. Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed.").

---

[1] Section 554(a) of the Bankruptcy Code allows the trustee to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

5

Consequently, the state tort claims asserted by Jenkins are clearly not property of the bankruptcy estate and belong solely to Jenkins.[2]

Based on the foregoing, the court concludes that both the property appeal and the remand appeal have been rendered moot as a result of the trustee's abandonment of the state tort claims. Simply stated, because the trustee has formally abandoned the claims, this court is unable to afford any effective relief. See Property Movers, L.L.C., supra.

The court notes that, in opposing Jenkins' motion to dismiss the appeals as moot, the defendants argue, at great length, that it would be inequitable for the trustee's abandonment of the claims to retroactively confer standing on Jenkins, and that Jenkins should be judicially estopped from pursuing the claims altogether.[3] However, both of these arguments are outside the

---

[2] In passing, the court notes that the propriety of the trustee's action was not contested and is not now at issue.

[3] To support these arguments, the defendants emphasize that Jenkins failed to disclose the causes of action in his bankruptcy schedule when his bankruptcy case was filed, that Jenkins failed to give any of the defendants notice of the bankruptcy case, and that Jenkins commenced the West Virginia state court action without a judicial order of abandonment from the bankruptcy court. The defendants further emphasize that Jenkins' state court action had been pending for three years when the defendants first learned of the bankruptcy filing through discovery, and that the defendants, rather than Jenkins, took action to have the bankruptcy case reopened.

scope of the instant appeals, and the court is convinced that the arguments should be presented to, and considered by, the state court.[4]

## Conclusion

For the reasons stated, the court will dismiss as moot the parties' appeal from the bankruptcy court's opinion and order on the parties' joint motion for a determination of whether Jenkins' state tort claims are property of the bankruptcy estate. Likewise, the court will dismiss as moot the defendants' appeal from the bankruptcy court's order remanding Jenkins' claims to state court.[5]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 22ⁿᵈ day of May, 2009.

*[signature]*

United States District Judge

---

[4] The court notes it is not uncommon for state courts to consider such issues. See, e.g., Boscan v. Yates, 74 Va. Cir. 184 (Va. Cir. Ct. 2007) (considering whether a personal injury action should be dismissed for lack of standing, since the cause of action had not been abandoned by the trustee at the time the personal injury action was filed); KCP Printing Co., Inc. v. Confer, 657 N.E.2d 129 (Ind. Ct. App. 1995) (considering whether the plaintiff's unpaid wage claim should have been dismissed for lack of standing, since the bankruptcy court's order approving the trustee's abandonment of the claim was not filed until after the filing of the unpaid wage claim); Miller v. ConAgra, Inc., 991 So. 2d 445 (La. 2008) (considering whether the trial court properly rejected the defense of judicial estoppel in a case in which the plaintiff failed to disclose his causes of action to the bankruptcy court); Kittle v. Conagra Poultry Co., 543 S.E.2d 411 (Ga. Ct. App. 2000) (considering whether the trial court properly held that the plaintiff's claims were barred by the doctrine of judicial estoppel, since the claims were not listed as assets in the plaintiff's bankruptcy petition).

[5] Having determined that the remand appeal is moot, the court declines to consider the new argument raised in Jenkins' supplemental brief that the trustee's abandonment of the state tort claims divested the bankruptcy court of subject matter jurisdiction over the claims.